# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD BOOTH,<br><br>                     Petitioner,<br><br>v.<br><br>J. GASTELO, Warden<br><br>                     Respondent. | Case No. 3:21-cv-1259-CAB-DEB<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A).

## PETITION BARRED BY GATEKEEPER PROVISION

The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his 2005 conviction in Imperial County Superior Court case number JCF14228. On November 15, 2010, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 3:10-cv-2361-JLS-MDD. (*See* Petition in SO. DIST. CA. CIVIL CASE NO. 3:10-cv-2361-JLS-MDD, ECF No. 1.) In that petition, Petitioner challenged his 2005 conviction in Imperial County Superior Court case number JCF14228 as well. (*See id.* at 1–2.) On September 2, 2011, this Court dismissed the petition with prejudice because it had been filed after the expiration of the one-year

statute of limitations and the claims were procedurally defaulted. (*See* Order filed Nov. 2, 2011 in case No. 3:10-cv-2361-JLS-MDD, ECF No. 14.) Petitioner appealed that determination. On March 29, 2012, the Ninth Circuit Court of Appeals denied Petitioner's request for certificate of appealability. (*See* Order in *Booth v. Adams*, No. 12-55433 (9th Cir. Mar. 29, 2012), ECF No. 27.)

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (stating a petition is successive where it challenges "the same custody imposed by the same judgment of a state court" as a prior petition); *Henderson v. Lampert*, 396 F.3d 1049, 1053 (9th Cir. 2005) (stating the dismissal with prejudice because of a procedural default "constitutes a disposition on the merits and renders a subsequent petition second or successive for purposes of 28 U.S.C. § 2244(b)"); *McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b).")

A successive application is permissible "only if it rests on a new rule of constitutional law, facts that were previously unavailable, or facts that would be sufficient to show constitutional error in the petitioner's conviction." 28 U.S.C. § 2244(b)(2). "Even if a petitioner can demonstrate that he qualifies for one of these exceptions, he must seek authorization from the court of appeals before filing his new petition with the district court." *Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

///

///

# CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. Further, because Petitioner has failed to make "a substantial showing of the denial of a constitutional right," and reasonable jurists would not find debatable this Court's assessment of his claims, the Court **DENIES** a certificate of appealability. *See* 28 U.S.C. § 2253(c); *see also* Rules Governing § 2254 Cases, Rule 11(a) (requiring the district court that issues an order denying a habeas petition to either grant or deny a certificate of appealability). ***For Petitioner's convenience, the Clerk of Court shall attach a blank Ninth Circuit Application for Leave to File Second or Successive Petition.***

IT IS SO ORDERED.

Dated: July 15, 2021

_____
Hon. Cathy Ann Bencivengo
United States District Judge